OSCN Found Document:MUSCOGEE (CREEK) NATION v. LEXINGTON INSURANCE CO.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 MUSCOGEE (CREEK) NATION v. LEXINGTON INSURANCE CO.
2023 OK 4
523 P.3d 1110
Case Number: 119701; Comp w/119359; 119413
Decided: 01/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 4, 523 P.3d 1110

 
 

MUSCOGEE (CREEK) NATION d/b/a, MUSCOGEE (CREEK) NATION CASINOS et al.,
Plaintiff/Appellee,
v.
(1) LEXINGTON INSURANCE COMPANY;

(2) UNDERWRITERS AT LLOYD'S -- SYNDICATES: ASC 1414, XLC 2003, TAL 1183 MSP 318, ATL 1861, KLN 510, AGR 3268;

(3) UNDERWRITERS AT LLOYD'S -- SYNDICATE: CNP 4444;

(4) UNDERWRITERS AT LLOYD'S -- ASPEN SPECIALTY INSURANCE COMPANY;

(5) UNDERWRITERS AT LLOYD'S -- SYNDICATES: KLN 0510, ATL 1861, ASC 1414, QBE 1886, MSP 0318, APL 1969, CHN 2015, XLC 2003;

(6) UNDERWRITERS AT LLOYD'S -- SYNDICATE: BRT 2987;

(7) UNDERWRITERS AT LLOYD'S -- SYNDICATES: KLN 0510, TMK 1880, BRT 2987, BRT 2988, CNP 4444, ATL 1861, NEON WORLDWIDE PROPERTY CONSORTIUM, AUW 0609, TAL 1183, AUL 1274;

(8) HOMELAND INSURANCE COMPANY OF NY (ONE BEACON);

(9) HALLMARK SPECIALTY INSURANCE COMPANY;

(10) ENDURANCE WORLDWIDE INSURANCE LTD. T/AS SOMPO INTERNATIONAL;

(11) ARCH SPECIALTY INSURANCE COMPANY;

(12) EVANSTON INSURANCE COMPANY;

(13) ALLIED WORLD NATIONAL ASSURANCE COMPANY;

(14) LIBERTY MUTUAL FIRE INSURANCE COMPANY;

(15) XL INSURANCE AMERICA, INC.;

(16) AXA/XL AMERICA, INC.;[1] 

(17) UNDERWRITERS AT LLOYD'S LONDON;[2]

(18) ABC INSURANCE COMPANIES (to be )
determined);
Defendants/Appellants.

ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the Court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Sup. Ct. Rule 1.201, 12 O.S.2021, ch. 15, app. 1.

¶2 On July 12, 2021, this Court designated this case, Cherokee Nation v. Lexington Insurance Company (Case No. 119,359), 2022 OK 71, and Choctaw Nation of Oklahoma v. Lexington Insurance Company (Case No. 119,413) as companion cases. The sole issue in each of the companion cases is whether the district court correctly determined that business interruption coverage for the insured's losses "caused by direct physical loss or damage . . . to real and/or personal property" includes losses incurred by some intangible harm that rendered the insured's property unusable for its intended purpose.

¶3 THE COURT FINDS that our decision in Cherokee Nation v. Lexington Insurance Company, 2022 OK 71, involves the same primary legal question as that in the above-styled appeal. Therefore, our holding in Cherokee Nation that the policy language "direct physical loss or damage . . . to real and/or personal property" requires immediate, actual or tangible deprivation or destruction of property disposes of the issues herein. Muscogee (Creek) Nation does not present any evidence that its property was tangibly damaged, and the policy at issue does not cover its alleged business interruption losses.

¶4 IT IS THEREFORE ORDERED that the district court's order sustaining the Muscogee (Creek) Nation's motion for partial summary judgment on business interruption coverage is reversed and the cause is remanded for further proceedings.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd day of January, 2023.

/S/CHIEF JUSTICE

CONCUR: KANE, C.J., ROWE, V.C.J. (BY SEPARATE WRITING), WINCHESTER, DARBY, AND KUEHN, JJ., PRINCE, S.J.

DISSENT: EDMONDSON, COMBS (BY SEPARATE WRITING), AND GURICH, JJ.

RECUSED: KAUGER, J.

FOOTNOTES

[1] The parties filed a Stipulation of Dismissal without Prejudice as to AXA/XL America, Inc. on August 10, 2020.

[2] The district court entered an order dismissing without prejudice Underwriters at Lloyd's London on October 27, 2020.

 

 

ROWE, V.C.J., concurring:

¶1 I concur in the Court's order reversing the partial summary judgment granted in favor of the Muscogee (Creek) Nation and remanding the cause to the district court for further proceedings based upon our ruling in Cherokee Nation v. Lexington Insurance Co., et al., 2022 OK 71. I would, however, set this matter for oral argument to address the legitimate issues raised in the Petition for Rehearing filed in Cherokee Nation, 2022 OK 71 (rehearing denied, Rowe J., dissenting).

 

 

COMBS, J., with whom EDMONDSON and GURICH, JJ., join, dissenting:

I dissent for the reasons stated in Cherokee Nation v. Lexington Ins. Co., 2022 OK 71, ___ P.3d ___.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2022 OK 71, 521 P.3d 1261, 
CHEROKEE NATION v. LEXINGTON INSURANCE CO.
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA